UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH, Individually
and on behalf of others similarly
situated, as a private attorney
general,

        Plaintiff,

Case No. 6:12-cv-817-Orl-22DAB

vs.

B-LINE LLC, B-REAL, LLC and
AVALON FINANCIAL SERVICES, LLC

        Defendants.
_____/

### RESPONSE TO ORDER DIRECTING COMPLIANCE

COMES NOW, B-Line, LLC, B-Real, LLC, and Avalon Financial Services, LLC, (the "Defendants"), by and through the undersigned counsel, and would hereby file this Response to the Order Directing Compliance as follows:

1. On October 22, 2012, this Court entered an Order Directing Compliance requiring Defendants to file a Response why sanctions should not be imposed for failure to respond to the Related Case Order and Interested Persons Order (Doc. No. 3) (the "Order") which Response was due on August 6, 2012.

2. On or about June 21, 2010, Plaintiff filed the initial action in Case No. 6:10-cv-00117-ORL-ACC-DAB against several Defendants including B-Line, LLC, B-Real, LLC, and Avalon Financial Services, LLC (the "initial action").

3. On or about April 5, 2010, the undersigned counsel was retained by the Defendants, and filed an Answer and Affirmative Defenses on their behalf.

4. On or about August 30, 2010, the Court dismissed the initial action and the Plaintiff filed an Appeal. The undersigned counsel was not retained to represent the Defendants in the appeal and did not participate in the appeal.

5. On or about May 8, 2012, the Court entered an Order (Doc. No. 189) reopening the case.

6. Following a Status Conference held on May 8, 2012, in the initial action, Plaintiff was ordered to file a separate action against each Defendant, which resulted in the underlying action against the Defendants in 6:12-cv-817-ORL-22DAB.

7. During the time period in which the initial action was up on appeal, B-Line, LLC, B-Real, LLC, and Avalon Financial Services were dissolved and became inactive.

8. On or about August 7, 2012, the undersigned counsel filed a Motion to Withdraw as counsel for the Defendants as the Defendants were no longer active.

9. On or about August 8, 2012, the Court entered an Order Denying the Motion to Withdraw (Doc. No. 7) indicating that a corporation or limited liability company cannot appear in court pro se but can only be heard through counsel.

10. After receiving the Order Denying the Motion to Withdraw, the undersigned counsel made diligent efforts to locate former contacts of the Defendants to confirm the status of the Defendants and to determine the extent of any authority to act on their behalf.

11. In addition, the undersigned counsel was in regular contact with attorney Marshall Gilmore who represented that he was retained to represent Plaintiff in the pending case.

12. At least one extension to file an Answer to the Complaint was granted by Mr. Gilmore to Defendants to provide the undersigned counsel with additional time to try to locate Defendants former contacts to determine if Defendants had any issue with default judgments being entered against them.

13. After much investigation, on or about August 28, 2012, the undersigned counsel was able to make contact with an attorney who represented the group of investors who previously owned B-Line, LLC, B-Real, LLC, and Avalon Financial Services. This attorney confirmed that all of the Defendants' assets have been sold or otherwise liquidated and that there would not be any negative consequences associated with any Default Judgments being entered against any of these dissolved entities.

14. Shortly thereafter, the undersigned counsel advised Mr. Gilmore that the Defendants were all dissolved and had no remaining assets and that I would not contest any request for a Default or Default Judgment against them.

15. Based upon the forgoing, the undersigned counsel believed that the Defendants would be defaulted, and that he did not need to take any further action in this case.

16. Given the status of the Defendants, it was not anticipated that the undersigned counsel would be involved in this case and the Order (Doc. No. 3) was not brought to his attention.

17. The undersigned counsel never intended to ignore or neglect any Order of this Court.

18. In an effort to ensure compliance, the undersigned counsel will immediately file the Certificate requiring compliance with Rule 1.04(a) or (b) and the Certificate of Interested Persons and Corporate Disclosure Statement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of October, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and also served via U.S. Mail to the following: J. Marshall Gilmore, Law Office of J. Marshall Gilmore, Suite 4, 1150 Louisiana Ave Winter Park, FL 32789, and to Larry Rumbough, 840 Lilac Trace Lane, Orlando, Florida 32828.

Gary J. Lublin, Esquire
Florida Bar No. 542679
Rush, Marshall, Jones and Kelly P.A.
P.O. Box 3146
Orlando, FL 32802-3146
(407) 425-5500
(407) 423-0554
glublin@rushmarshall.com