UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

       **Plaintiff,**

v.                                            **Case No: 6:12-cv-817-Orl-22DAB**

**B-LINE LLC, B-REAL, LLC and**
**AVALON FINANCIAL SERVICES,**
**LLC,**

       **Defendants.**
_____/

**ORDER**

    This cause comes before the Court on Plaintiff's Motion for Judgment on the Pleadings against Defendants B-Line, LLC B-Real, LLC, and Avalon Financial Services, LLC (Doc. No. 14), filed on November 13, 2012. Defendants did not respond to the motion.

    First, Plaintiff fails to file a memorandum of law in support of his motion. *See* M.D. Fla. R. 3.01(a) ("In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.").

    Second, the Court clarifies that Plaintiff's counsel is using an improper vehicle by which to seek relief. Defendants never filed an answer in this action and thus there is only one pleading in the case, the Plaintiff's Complaint. The proper vehicle for relief is a motion for default judgment. However, the clerk must first enter a default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'" (citation omitted)). No such action has been taken.

Finally, prior to entering a default judgment, the court must verify that the complaint is well pleaded because "[a] 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). [1] Even if the Court were to review this case based on a motion for entry of default judgment, the Court would have to deny Plaintiff such relief because Plaintiff's complaint is a series of legal conclusions parroting the language of the statutes cited. Plaintiff fails to offer sufficient factual allegations.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion for Judgment on the Pleadings against Defendants B-Line, LLC B-Real, LLC, and Avalon Financial Services, LLC (Doc. No. 14), filed on November 13, 2012, is **DENIED**.

2. Plaintiff is **GRANTED** leave to file an amended complaint on or before December 21, 2012. The amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiff to remedy the pleading

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

deficiencies identified herein.  Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2012.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties