UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

Case No. 6:12-cv-817-ORL-22DAB

-v-

B-LINE, LLC; B-REAL, LLC;
AVALON FINANCIAL SERVICES, LLC,

    Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, B-LINE, LLC; B-REAL, LLC; and AVALON FINANCIAL SERVICES, LLC; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k) and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, B-LINE, LLC ("B-Line"), is an unknown entity.

7. Defendant, B-REAL, LLC ("B-Real"), is a Delaware limited liability company, authorized to do business in Florida.

8. Defendant, AVALON FINANCIAL SERVICES, LLC ("Avalon"), is a Delaware limited liability company, authorized to do business in Florida.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10. B-Line, B-Real, and Avalon have repeatedly attempted to collect an alleged consumer debt of $1,431.56 from Plaintiff. These entities are all aware that Plaintiff does not owe them any money.

11. In August 2009, B-Line and B-Real called Plaintiff several times in an attempt to collect an alleged consumer debt.

12. On August 15, 2009, Plaintiff sent a letter to B-Line requesting documentation on any alleged debt they claimed Plaintiff owed regarding account number 604587014320432.

13. B-Line did not respond to that letter.

14. On or about September 2, 2009, Avalon sent Plaintiff a letter referencing "your verification request sent on 8/18/2009". This must have actually referred to the letter that Plaintiff sent to B-Line on August 15, 2009. The letter mentioned account number 604587014320432.

15. The letter stated that:
"B-Line, LLC purchased the above account with a balance of $1,431.56 in 7/16/2007. B-Line, LLC later assigned this account to its wholly owned subsidiary, B-Real, LLC. Avalon Financial Services, LLC is currently servicing this account on behalf of B-Real, LLC."

16. The letter did not validate the alleged debt.

17. On September 8, 2009, Plaintiff sent a letter to Avalon demanding validation of the alleged debt. The letter was sent by certified mail and received by Avalon on September 11, 2009.

18. On or about September 22, 2009, B-Line, B-Real, and Avalon sent Plaintiff a letter. It was signed by Linh K. Tran, who at the time was allegedly an employee of B-Line, B-Real, and Avalon.

19. The letter's heading was "Avalon Financial, Services, LLC" and dated September 22, 2009.

20. The letter came in an envelope with a return address of:
B-Line, LLC

2101 Fourth Avenue, Suite 900
Seattle, WA 98121-2339

21. The letter included an affidavit titled "ASSIGNMENT OF ACCOUNTS AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS". The affidavit was signed by Edward J. Barton, Chief Financial Officer, ostensibly an employee of both B-Line and B-Real. The affidavit indicated that the alleged account had been assigned from B-Line to B-Real.

22. The letter stated that:
"B-Line, LLC purchased the above account with a balance of $1,431/56 in 7/16/2007. B-Line, LLC later assigned this account to its wholly owned subsidiary, B-Real, LLC. Avalon Financial Services, LLC is currently servicing this account on behalf of B-Real, LLC."

23. Plaintiff is without knowledge as to any alleged consumer debt he supposedly owes B-Line, B-Real, and/or Avalon. Their communications have not provided any useful information clarifying their claims. Plaintiff believes that their claims are fabricated and designed to attempt to take Plaintiff's money by false pretenses.

24. The actions of B-Line, B-Real, and Avalon have caused Plaintiff stress and anxiety.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS B-LINE, B-REAL, AND AVALON

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of §1692a(3).

27. B-Line, B-Real, and Avalon are debt collectors within the meaning of §1692a(6).

28. B-Line, B-Real, and Avalon violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   (a) B-Line, B-Real, and Avalon violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.
   (b) B-Line, B-Real, and Avalon violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
   (c) B-Line, B-Real, and Avalon violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   (d) B-Line, B-Real, and Avalon violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) B-Line, B-Real, and Avalon violated §1692e(11) by failing to warn that it was a debt collector.
(f) B-Line, B-Real, and Avalon violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(g) B-Line, B-Real, and Avalon violated §1692g by failure to send a validation notice within five days of the initial communication.
(h) B-Line, B-Real, and Avalon violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against B-Line, B-Real, and Avalon for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS B-LINE, B-REAL, AVALON

29. Paragraphs 1 through 24 are realleged as though fully set forth herein.

30. Plaintiff is a consumer within the meaning of §559.55(2).

31. B-Line, B-Real, and Avalon are debt collectors within the meaning of §559.55(6).

32. B-Line, B-Real, and Avalon violated the FCCPA. Defendants' violations include, but are not limited to, the following:
(a) B-Line, B-Real, and Avalon violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
(b) B-Line, B-Real, and Avalon violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
(c) B-Line, B-Real, and Avalon violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against B-Line, B-Real, and Avalon for statutory damages, and attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 21, 2012

                                    Respectfully submitted,

                                  ____*s/ J. Marshall Gilmore*_____
                                  J. Marshall Gilmore, Esq. (Fl Bar No. 840181)
                                  Counsel for Plaintiff
                                  1936 Lee Road, Suite 100
                                  Winter Park, FL  32789
                                  Phone 407 629-7322 Fax:407 599-3801
                                  mgilmore@mgilmorelaw.com


## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 21st day of December, 2012 by em/ecf court electronic delivery to:

Gary J. Lublin
109 E. Church Street 5ft Floor
P.O. Box 3146
Orlando, FL 32802


                                  __*s/ J. Marshall Gilmore*_____
                                  J. Marshall Gilmore, Esq. (Fl Bar No. 840181)
                                  Counsel for Plaintiff
                                  1936 Lee Road, Suite 100
                                  Winter Park, FL  32789
                                  Phone 407 629-7322 Fax:407 599-3801
                                  mgilmore@mgilmorelaw.com